UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-1892-DMG (KS) | Date: March 29, 2019 |
| Title *Ben Aris Ramirez v. Unknown* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 14, 2019, Plaintiff, who is detained at Men's Central Jail and proceeding *pro se*, filed a "Complaint" in which he asks the Court to issue a warrant for the arrest of three Glendale police officers and alleges that these three officers violated 18 U.S.C. § 242. (Dkt. No. 1.) However, "[p]rivate individuals may not prosecute crimes in civil actions." *Hubbard v. Folsom State Prison*, No. CIV S-07-2562 MCE DAD PS, 2008 WL 686425, at *2 (E.D. Cal. Mar. 7, 2008); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th Cir. 1999) ("these code sections [of the California Penal Code] do not create enforceable individual rights [and] the district court properly dismissed the claims"); *Machin v. Costas*, No. CIV 09-444 IEG WVG, 2009 WL 3839325, at *10 (S.D. Cal. Nov. 16, 2009) ("there is no question that Plaintiff has no private cause of action for violations of state criminal laws under § 1983"). Accordingly, the Complaint fails to state a claim upon which relief can be granted and is subject to dismissal on that basis. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (Rule 12(b)(6) permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief"); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

Also on March 14, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*. (Dkt. No. 2.) More than two weeks have now passed, and Plaintiff has not responded to the Court's notification. Accordingly, because Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-1892-DMG (KS)                                    Date: March 29, 2019

Title   *Ben Aris Ramirez v. Unknown*

of the fee, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than April 19, 2019, why the action should not be dismissed.**

To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P). **To discharge this Order and proceed with his case, Plaintiff must either: (1) pay the $400 filing fee in full; or (2) file the completed forms, and the necessary documentation, with the Court on or before the April 19, 2019 deadline.**

**Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal of his case.**

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | : |
| **Initials of Preparer** | gr |